Pearson, C. J.
 

 It is established by the verdict, that the defendant is a purchaser for valuable consideration, and that the bill of sale to the plaintiffs, although absolute on its face, was executed as a security, i. e., a mortgage to save them harmless in staying certain executions.' ‘ Upon this state of facts, we concur with his Honor, in the opinion, that the bill of sale is void as against the defendant, by force of the statute, Rev. Code, ch. 37, sec. 22, which enacts, “Ho deed of trust or mortgage shall be valid, at law, to pass any property as against creditors and purchasers for valuable consideration, but from the registration of such deed.”
 

 The deed to the plaintiffs does not show the true nature of the transaction, and there is no principle upon which they can be entitled to stand in a better condition than they would, if the deed had set out the truth on its face. Such a conclusion would be a direct encouragement td falsehood and the suppression of truth. Had the deed been upon its face a mortgage, the defendant would be entitled to the property, because he purchased before it was registered ; and the fact that it does not show the truth on its face, cannot be allowed to aid the plaintiffs, or impair the right of the defendant. In the former case, the plaintiffs would have lost their incum-brance, because it was not registered; in the latter, because by their folly, it was put in such a shape that it could not be registered, for the registration of a deed, absolute on its face, cannot be the registration of a mortgage ; so that a deed which does not set out on its face the true nature of the transaction, is not susceptible of registration;
 
 Gregory
 
 v.
 
 Perldns,
 
 4 Dev. Rep. 50;
 
 Walton
 
 v.
 
 Stallings,
 
 ibid. 56, where the subject is fully discussed.
 

 The counsel for the plaintiffs, insisted that our case is distinguishable, because “ it was not contended, and no evidence was offered to show that the bill of sale was executed with an
 
 intent to
 
 defraud.” The position is based upon an entire mis
 
 *16
 
 apprehension. The plaintiffs acquired no title, and could acquire none against creditors and purchasers, because their deed has not been, and cannot be, registered, inasmuch as it does not set out the truth, and this result follows from the express provisions of the statute, without reference to, and independent of, the question of an intent to defraud.
 

 The exception to the evidence was properly withdrawn. There is no error.
 

 Pice CueiaM, Judgment affirmed.